ACCEPTED
01-13-00546-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/17/2015 1:09:55 PM
CHRISTOPHER PRINI
CLERK

# No. 01-13-00546-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/17/2015 1:09:55 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE**
**FIRST DISTRICT COURT OF APPEALS**
**HOUSTON, TEXAS**

**STEVEN GOLDEN,**
*Appellant*
V.
**THE STATE OF TEXAS,**
*Appellee*

——————◆——————

**CAUSE NO. 1833897**
**ON APPEAL FROM THE COUNTY CRIMINAL COURT AT LAW NO. 4**
**HARRIS COUNTY, TEXAS**

——————◆——————

# MOTION FOR EN BANC RECONSIDERATION BY APPELLANT STEVEN GOLDEN

——————◆——————

**GARY S. MILLER**
Attorney for Steven Golden
State Bar No:  24051050
1018 Preston St., Suite 500
Houston, TX 77002
tel:  (713) 223-4200
fax: (713) 222-7022
gary@millerlindsey.com

# PROCEDURAL HISTORY OF APPELLANT'S CASE

Appellant was charged by criminal information with the Class B misdemeanor of driving while intoxicated in County Criminal Court at Law No. 4, Harris County, Texas. Appellant filed a Motion to Suppress all evidence obtained as a result of his warrantless detention and arrest by law enforcement. After a pretrial hearing held on June 6, 2013, and June 20, 2013, the trial court denied Appellant's motion. Pursuant to the pre-hearing agreement with the State, Appellant entered a guilty plea to 30 days in the Harris County Jail without a fine. This appeal was abated and the trial court was ordered to file Finding of Facts and Conclusions of Law. The trial court filed Findings of Fact and Conclusions of Law on December 2, 2013. A panel issued the Opinion in Appellant's case on February 5, 2015.

———◆———

## PRELIMINARY STATEMENT

The Panel's reliance should have been based solely on Deputy Nguyen's knowledge at the inception of the traffic stop - by considering only the information actually known by or available to him at that time. *State v. Duran*, 396 S.W.3d 563, 568–569 (Tex. Crim. App. 2013). Nguyen's knowledge was insufficient to justify the traffic stop since he lacked any specific articulable facts that a criminal offense had or was occurring. *Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005). The Panel's opinion ignored factual distinctions and relied upon assumptions in order to equate Appellant's factual situation to *Navarette v. California*, 134 S. Ct. 1683 (2014). Deputy Nguyen conducted the traffic stop on Appellant's vehicle without a particular and objective basis for suspecting criminal activity unlike the state trooper *Navarette* whom had been informed **prior to the traffic stop by the 911 dispatcher** that "[the suspect] Ran the reporting party off the roadway." The Opinion mistakenly attributes factual observations provided by the citizen tipster *subsequent* to the traffic stop - as being conveyed to Deputy Nguyen *prior* to the traffic stop.

3

**GROUNDS: THE OPINION IGNORED DEPUTY NGUYEN'S LACK OF KNOWLEDGE OF ANY PARTICULAR AND OBJECTIVE FACTUAL BASIS FOR STOPPING APPELLANT'S VEHICLE AT THE *INCEPTION* OF THE TRAFFIC STOP**

Deputy Nguyen had no knowledge regarding Appellant's driving activities at the inception of the traffic stop; therefore, it was factually impossible for him to have a particularized and objective basis for suspecting Appellant's criminal activity from the conclusory tip that there might be an "intoxicated driver." All information that theoretically could have justified a traffic stop was acquired from Polasek by Deputy Nguyen or Deputy Trevino **after** Appellant was already stopped. Under *Naverette*, "The Fourth Amendment permits brief investigative stops— such as the traffic stop in this case — when a law enforcement officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Naverette* at 1687, *citing United States v. Cortez*, 449 U. S. 411, 417– 418 (1981); see also *Terry v. Ohio*, 392 U. S. 1, 21–22 (1968). Deputy Nguyen testified he only knew the following facts that were relayed to him prior to initiating the traffic stop:

1. A white pickup truck with a stripe. (RR II, 18, 40);

2. License plate number AU-87773. (RR II, 18);

3. Maybe "an intoxicated driver", (RR II, 13); But "I don't remember that." (RR II, 14);

4. HEB parking lot near Bellaire and Highway 6 (RR, 30);

4

5. Vehicle in motion (RR II, 20).

That is the extent of Deputy Nguyen's knowledge *at the time* of Appellant's detention. Under *State v. Duran,* "In determining whether an officer is justified in making a *Terry* stop, courts use an objective standard: Would a reasonable officer in the same situation believe a crime had been or was being committed? This objective standard requires reviewing courts to place themselves in the shoes of the officer *at the time of the inception of the stop*—considering only the information actually known by or available to the officer at that time." *Duran* at 569. The Opinion failed to adequately discuss Deputy Nguyen's knowledge at the inception of the stop; instead, the Opinion mistakenly attributes knowledge to him that was not found in the record during his own testimony. Nguyen, in fact, had **not** been informed of of any detailed facts of Appellant's driving that the Opinion attributed to him. Nguyen did not receive "contemporaneously relayed observations" between the 911 operator and Polasek as the Opinion misstates on Page 8. Instead, the Court should have determined whether,"Information that the officer either acquired or noticed after a detention or arrest cannot be considered. A detention is either good or bad at the moment it starts." *Id*. at 569-570. This factual determination was not done at all when considering Appellant's case.

The Panel shouldn't have disregard its responsibility to examine Nguyen's knowledge because there were no direct observations by him of any traffic offenses, "Normally, this inquiry 'presents no significant problem, for most traffic

5

stops are made based upon the direct observations of unambiguous conduct of circumstances by the stopping officer.' But sometimes an issue arises as to what the officer actually saw or knew at the time that he made a traffic stop." *Duran* at 569, *citing* Wayne R. LaFave, Search and Seizure Sec. 9.3(a), at 772—73 (5th ed. 2012). A post-hoc rationalization for a traffic stop cannot be made on the basis of information learned personally or acquired from other officers after the stop. *Duran* at 570. This is exactly what the Court's Opinion did — by attributing knowledge acquired by either the 911 dispatcher or Deputy Trevino to what Trevino knew at the inception of Appellant's traffic stop. The citizen tipster, Polasek, testified that he described his observations of Appellant's driving to the 911 operator, however, no 911 dispatch recording was introduced by the State during Appellant's suppression hearing. The State failed to present evidence at the hearing that Deputy Nguyen was actually informed by the 911 dispatcher regarding the factual details Polasek claimed that he told them. Thus, no evidence is contained in the record that Nguyen had any knowledge of Appellant's alleged driving because no evidence exists that it was actually conveyed to him prior to the stop.

Nothing was corroborated that indicated any criminal activity was afoot — under the FOURTH AMENDMENT citizens are protected from unreasonable search and seizures at the inception of the traffic stop based upon the information actually received by the officer prior to the stop.

—————◆—————

## **CONCLUSION**

Appellant respectfully urges this Panel to withdraw the opinion issued on February 5, 2015, and issue a new opinion reversing the trial court's denial of his suppression motion and remand for a new trial or grant this request for an En Banc reconsideration.

/S/   GARY S. MILLER
**GARY S. MILLER**
Attorney for Steven Golden
State Bar No:  24051050
1018 Preston St., Suite 500
Houston, TX 77002
Tel: (713) 223-4200
Fax: (713) 222-7022
gary@millerlindsey.com

—————◆—————

## **CERTIFICATE OF COMPLIANCE**

I, Gary S. Miller, hereby certify that the Appellant's Motion for En Banc Reconsideration contains 1,315 words according to Apple Pages ver. 5.5.2 which was used to generate this document according to TEX. R. APP. P. 9.4 (3).

/S/     GARY S. MILLER
**GARY S. MILLER**

———————◆———————

## CERTIFICATE OF SERVICE

Appellant will electronically deliver by e-mail a copy of the foregoing instrument to Harris County Assistant District Attorney Carly Dessauer, counsel for the State of Texas, after e-filing:

/S/     GARY S. MILLER

**GARY S. MILLER**

Date: April 17, 2015